IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


EDGAR VINASCO,
      Petitioner,

vs.                                                                    Case No.  3:05cv246/LAC/EMT

DONALD F. BAUKNECHT,
      Respondent.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 4).  Respondent filed an answer (Doc. 9), and Petitioner filed a response (Doc. 11).  This case involves a dispute over Petitioner's entitlement to a discretionary sentence reduction for participation in an approved Residential Drug Abuse Program ("RDAP") under 18 U.S.C. § 3621(e)(2)(B).

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that Petitioner is not entitled to relief.

I.      BACKGROUND

      On November 19, 2002, following a guilty plea, Petitioner was sentenced in the United States District Court for the Southern District of New York to eighty-seven (87) months of imprisonment and three years of supervised release for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Doc. 4 at 2; Doc. 9 at 2, Ex. 1 at 2; Doc. 11 at 1).  On December 9, 2003, Petitioner was notified by the BOP that although he qualified for participation in the Residential Drug Abuse Program (RDAP), he was ineligible for early release under 18 U.S.C. § 3621(e) because his record showed he was carrying a firearm during the commission of the offense for which he was convicted (Doc. 9, Ex. 2).

Petitioner filed a grievance at the institutional level with regard to the determination that he was ineligible for a sentence reduction, but the grievance was denied (Doc. 4, Ex. A).  Petitioner appealed the denial through the appropriate channels of the BOP, but the appeals were denied (Doc. 4, Exs. B, C).  Petitioner filed the instant habeas action on June 30, 2005 (*see* Doc. 1 at 4).

II.      ANALYSIS

In the instant petition, Petitioner challenges the BOP's decision to deny his early release on the ground that although his presentence report (PSR) stated that at the time of his arrest Petitioner was in possession of a loaded gun, he did not receive a sentence enhancement for possession of a weapon, nor was he charged with a firearm violation.  Therefore, the BOP's determination that he was ineligible for a sentence reduction was unreasonable.  Respondent contends Petitioner's claims are without merit.

As part of the 1994 Violent Crime Control and Law Enforcement Act, the BOP was charged with making available "appropriate substance abuse treatment" for inmates with "treatable condition(s) of substance addiction or abuse."  18 U.S.C. § 3621(b).  If an inmate completes a drug and alcohol treatment program authorized under 18 U.S.C. § 3621(e),

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B).  Thus, section 3621(e)(2)(B) provides an incentive for inmates to enroll in and complete the treatment program.  However, the statute makes permissive the BOP's determination to grant a reduction in sentence upon an inmate's successful completion of an RDAP.  When an eligible inmate successfully completes drug treatment, the BOP has the authority, but not the duty, to reduce his term of imprisonment.  Lopez v. Davis, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001).  Additional regulations to guide the discretionary implementation of the RDAP have been promulgated and are codified in Title 28 C.F.R. § 550 and BOP program statements.

Title 28 C.F.R. § 550.58 provides:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may

be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria.

(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

. . . .

(vi) Inmates whose current offense is a felony:

. . . .

(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives . . .

(emphasis added).  Neither section 3621 nor regulation 550.58 defines "nonviolent offense," thus the BOP filled the statutory gap by designating offenses that, at the BOP's discretion, may preclude an inmate convicted of those offenses from early release.  *See* Federal Bureau of Prisons Program Statement 5162.04, Categorization of Offenses, § 7 (Oct. 9, 1997).  This Program Statement provides that an inmate convicted of 18 U.S.C. § 1956 may be precluded from receiving a sentence reduction if his offense was a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon, or was a felony that by its nature or conduct presents a serious potential risk of physical force against the person or property.  *Id.*, § 7.c.

The Eleventh Circuit has interpreted Lopez as holding that "the BOP's Program Statement is a reasonable exercise of administrative discretion because 18 U.S.C. § 3621(e)(2)(B) manifests Congressional concern for preconviction behavior, and the BOP is therefore justified in considering that behavior when making categorical exclusions. . . . .When preconviction conduct indicates a willingness to endanger the lives of others, the BOP's categorical exclusion is a reasonable interpretation of statutory intent because the statute states that only nonviolent offenders are eligible."  Walther v. Bauknecht, No. 05-12932, 2005 WL 3096491, at *3 (11th Cir. Nov. 21, 2005) (citing  Lopez, 531 U.S. at 243-44, 121 S.Ct. at 723-24).  The proper question when reviewing the BOP's interpretation of "nonviolent offense," as that term is used in connection with the statutory program set forth in section 3621(e)(2)(B), is whether its interpretation is reasonable.  Walther, 2005 WL 3096491, at *3 (citing Cook, 208 F.3d at 1320).  Upon review of the record and the parties' briefs, the undersigned concludes that the BOP's determination that Petitioner is ineligible for early release credit was reasonable.

Petitioner claims that the BOP's determination that his offense involved the carrying, possession, or use of a firearm was unreasonable because he did not receive a sentence enhancement for possession of a weapon, nor was he charged with a firearm violation. However, Petitioner does not deny that his presentence report (PSR) states, in pertinent part, that:

> 11.     On December 7, 2001, . . . EDGAR VINASCO was observed arriving at [a particular address] in a van. EDGAR VINASCO exited the van empty handed, and approached the building. After ringing the bell at the front door, EDGAR VINASCO returned to the van and retrieved two large duffel bags. EDGAR VINASCO returned to the front door of [the same address], gained entry, and returned immediately thereafter empty-handed to the van and departed the area.
>
> 12.     Shortly thereafter, EDGAR VINASCO, parked . . . and exited the vehicle carrying a knapsack. Upon exiting the vehicle, EDGAR VINASCO was approached by officers involved in this investigation. The officers identified themselves, and asked EDGAR VINASCO for consent to search his knapsack. EDGAR VINASCO gave consent, and opened the bag for the officers. Inside the bag, the officers observed a large amount of United States currency. As the officers were searching the bag, EDGAR VINASCO reached for his jacket pocket. The officers stopped him from reaching into his pocket, and asked EDGAR VINASCO if he had a gun. EDGAR VINASCO did not respond, and one of the officers then reached into VINASCO's pocket. The officer found a loaded Derringer model pistol. EDGAR VINASCO was then placed under arrest.
>
> 13.     A search of the knapsack of EDGAR VINASCO revealed about $14,000 in U.S. currency . . . .

(*see* Doc. 9, Ex. 3)[1] (emphasis in original). Based upon this preconviction behavior, the BOP's determination that Petitioner's offense involved the carrying or possession of a firearm or other dangerous weapon was not unreasonable. Therefore, Petitioner is not entitled to federal habeas relief.

---

[1]Exhibit Three is a sealed document consisting of one page from Petitioner's PSR. The court has redacted any information irrelevant to the instant matter and has concluded that the above-recited information is properly included in this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 4) be **DENIED** with prejudice.

At Pensacola, Florida, this 23rd day of December 2005.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE  JUDGE**


### NOTICE TO THE PARTIES

**Objections to these findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**